O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ESCOTO,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 08-1002 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the five disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue Nos. 2, 3, 4, and 5, for the reasons stated by the Commissioner (see Jt Stip at 9-11, 12, 14-18, 20-21), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider the consultative examiner's opinion, to properly

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

develop the record, to properly consider the State Agency psychiatrist's opinion, and/or to pose a complete hypothetical question to the vocational expert.

However, with respect to Disputed Issue No. 1, the Court concurs with plaintiff that reversal is warranted based on the ALJ's failure to properly consider the opinion of one of plaintiff's treating physicians that, as a result of plaintiff's mental impairment, he was permanently incapacitated from work. (See AR 262, 268). It is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Thus, the mere fact that a treating physician's opinion is controverted by another physician's opinion is not in itself a sufficient reason to reject the treating physician's opinion, but rather is merely determinative of the governing standard for rejecting the treating physician's opinion.

The Court disagrees with the Commissioner that, under the Commissioner's regulations, the two medical reports in question do not qualify as medical opinions that are subject to the treating physician rule. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if

2

controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). The Court therefore finds and concludes that the ALJ failed to follow the proper legal standards here when he failed to set forth any reasons, let alone the requisite specific and legitimate reasons, for rejecting the treating physician's opinion of disability.[2]

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.

Here, with respect to Disputed Issue No. 1, plaintiff implicitly has conceded that a remand for further development of the record is warranted. (See Jt Stip at 4 ("Therefore, this matter requires remand."), 6 ("Remand is necessary.")). The Court concurs. See Connett, 340 F.3d at 876 (holding that the "crediting as true" doctrine is not mandatory in the Ninth Circuit and remanding for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true).

---

[2] To the extent that, in the Joint Stipulation, the Commissioner has purported to set forth reasons why the treating physician's opinion of disability was inconsistent with the overall medical evidence and additional reasons why the treating physician's opinion should not be credited (see Jt Stip at 5-8), the Court is unable to consider those reasons. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

## ORDER

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 3, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE